Daniel R. BRUNDAGE *v.* STATE of Arkansas

CR 88-216                                     770 S.W.2d 122

Supreme Court of Arkansas
Opinion delivered May 15, 1989

*Robert S. Blatt*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The appellant's motion to set

aside his plea of *nolo contendere* was denied by the trial court. We reverse and remand.

■ The motion was filed after a commitment order was entered, making it untimely under A.R.Cr.P. Rule 26. But the trial judge addressed the merits of the motion, so we will consider this an appeal from a denial of A.R.Cr.P. Rule 37 relief.

■ The trial judge failed to comply with the most fundamental requirements of accepting a plea from a defendant. *See Boykin* v. *Alabama*, 395 U.S. 238 (1969). Brundage was charged with breaking or entering and burglary and was sentenced for both offenses, but he never entered a plea on the burglary charge. A plea of *nolo contendere* shall be received only from the defendant himself in open court. A.R.Cr.P. Rule 24.3(a).

Brundage did plead *nolo contendere* to breaking or entering and was eventually sentenced to three years on that charge. But upon accepting that plea, the judge originally imposed a sentence of seven years with four years suspended, which was actually the intended sentence for burglary. The plea agreement signed by Brundage reflected only one sentence — the seven years with four suspended. The three years for breaking or entering was not part of the plea agreement.

■ The record also reflects that the judge misstated the penalty for breaking or entering, saying it carries a maximum fine of $2000 instead of $10,000. That error alone would not justify setting aside a plea. But the accumulation of errors, the obvious confusion at the plea hearing, and the complete failure to obtain a plea on one charge, cast serious doubt on the intelligent nature of the appellant's plea. Under the circumstances of this case, the appellant's motion to set aside his plea should have been granted.

Reversed and remanded.